# In the United States Court of Federal Claims

No. 18-1309C
(Filed: February 12, 2019)

```
*************************************
ALEKSANDR BIBLE,                    *
                                    *
                Plaintiff,          *
                                    *
        v.                          *       Pro Se Plaintiff; RCFC 12(b)(1); Subject
                                    *       Matter Jurisdiction; Offsets; I.R.C. § 6402
THE UNITED STATES,                  *
                                    *
                Defendant.          *
*************************************
```

Aleksandr Bible, San Pedro, CA, appearing pro se.

Margaret Sheer, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Chief Judge

  This case arises out of pro se plaintiff Aleksandr Bible's efforts to recover portions of his 2015, 2016, and 2017 tax refunds that the United States Department of the Treasury Bureau of Fiscal Service ("BFS") withheld to offset an overpayment of benefits from the California Employment Development Department ("EDD"). Defendant moves to dismiss Mr. Bible's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). As explained below, the court lacks jurisdiction to consider Mr. Bible's claims. Therefore, in addition to granting Mr. Bible's application to proceed in forma pauperis, the court grants defendant's motion and dismisses the complaint.

**I. BACKGROUND**

  On March 12, 2014, a California state court granted the EDD's request for summary judgment against Mr. Bible with respect to a claim that the department overpaid his unemployment benefits.[1] Certificate Summ. J., Summ. J., and Notice of Entry of J., State of Cal., Emp't Dev. Dep't v. Bible, No. 2014-90007370-CV (Cal. Super. Ct., Sacramento, Mar. 12,

---

[1] The facts and allegations in this section are derived from Mr. Bible's complaint, related state court proceedings, and statutes governing the BFS's authority to conduct offsets. See Sebastian v. United States, 185 F.3d 1368, 1374 (Fed. Cir. 1999) (permitting consideration of public records when reviewing a motion to dismiss).

2014). A few years later, on August 24, 2018, Mr. Bible filed the instant lawsuit in which he claims that the BFS, acting pursuant to Section 6402 of the Internal Revenue Code ("I.R.C."), improperly offset his tax refunds to pay his debt to the EDD.[2] Specifically, he alleges that the BFS offset $10,000 of his 2015, 2016, and 2017 tax refunds after California, relying on the aforementioned state court decision, notified BFS that Mr. Bible was indebted to EDD for overpaid unemployment benefits. Mr. Bible avers, however, that the BFS should not have offset his refunds because he was not overpaid by the EDD.

Defendant moved to dismiss Mr. Bible's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). The motion is now fully briefed. The parties did not request oral argument, and the court deems it unnecessary. Thus, defendant's motion is ripe for adjudication.

## II. LEGAL STANDARDS

### A. RCFC 12(b)(1)

In determining whether subject matter jurisdiction exists, the court generally "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). With respect to a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, that the court possesses subject matter jurisdiction. Id. However, the court is not limited to the pleadings in considering subject matter jurisdiction. Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014); Pucciariello v. United States, 116 Fed. Cl. 390, 400 (2014). Further, the court has no subject matter jurisdiction over frivolous claims. Moden v. United States, 404 F.3d 1335, 1340-41 (Fed. Cir. 2005). For example, there is no subject matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions . . . , or otherwise completely devoid of merit as not to involve a federal controversy." Id. at 1341 (internal quotation marks omitted); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ."). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### B. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted). However, the "leniency afforded to a pro se litigant

---

[2] In his complaint, Mr. Bible specifically alleges that the BFS and United States Internal Revenue Service improperly offset his tax refund. The offset program, however, is only conducted by the BFS. IRS, Tax Tip 2016-44, Tax Refund Offsets Pay Unpaid Debts (2016), https://www.irs.gov/newsroom/tax-refund-offsets-pay-unpaid-debts [https://perma.cc/B93E-7XKV]. See generally 31 C.F.R. § 285.8 (2018). The court, therefore, construes Mr. Bible's allegations as pertaining to actions taken by the BFS.

with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 179 (1936); Banks, 741 F.3d at 1277 (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### C. Subject Matter Jurisdiction

Whether the court possesses jurisdiction to decide the merits of a case is a "threshold matter." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). Subject matter jurisdiction cannot be waived or forfeited because it "involves a court's power to hear a case." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall) 506, 514 (1868). Therefore, it is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case." Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); accord K-Con Bldg. Sys., Inc. v. United States, 778 F.3d 1000, 1004-05 (Fed. Cir. 2015). Either party, or the court sua sponte, may challenge the court's subject matter jurisdiction at any time. Arbaugh, 546 U.S. at 506; see also Jeun v. United States, 128 Fed. Cl. 203, 209-10 (2016) (collecting cases).

### D. The Tucker Act

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "may not be inferred, but must be unequivocally expressed." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012); White Mountain, 537 U.S. at 472. However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 298 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Lovelaides Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

## III. ANALYSIS

The Court of Federal Claims has jurisdiction over requests for a tax refund provided that certain requirements are met. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002). But Mr. Bible does not allege that he is entitled to a tax refund. Liberally construing his complaint, Mr. Bible's claim concerns the propriety of an offset in conjunction with a debt he purportedly owes to the EDD. Specifically, he avers that the offset was improper because the basis for the aforementioned debt is the EDD's erroneous determination that it overpaid his unemployment benefits. It is clear from Mr. Bible's pleading that the Court of Federal Claims lacks jurisdiction to entertain his complaint.

The BFS offset Mr. Bible's tax refund pursuant to I.R.C. § 6402. Pursuant to subsection (f) of that statute, the BFS must offset the amount of a tax refund by the amount the taxpayer owes to a state for a covered unemployment compensation debt after the BFS receives notice of such a debt from the state.[3] I.R.C. § 6402(f)(1); see also id. § 6402(f)(4) (defining "covered unemployment compensation debt"). Congress, however, explicitly barred judicial review of any action "brought to restrain or review a reduction authorized by subsection . . . (f)" and further explained that "[n]o action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax." Id. § 6402(g); accord Ibrahim v. United States, 112 Fed. Cl. 333, 337 (2013) ("[A] taxpayer cannot bring a claim against the [United States Department of the] Treasury based on unlawful offsets."). This bar is fatal to Mr. Bible's claim because he does not plead any facts indicating that (1) the debt California claimed he owed to the EDD failed to meet the requirements of I.R.C. § 6402(f), or (2) the BFS otherwise violated the applicable provisions of I.R.C. § 6402 when it offset his tax refunds. Therefore, the jurisdictional bar imposed by I.R.C. § 6402(g) applies squarely to Mr. Bible's complaint, and the court lacks jurisdiction to hear his claim. See also Hicks v. United States, 130 Fed. Cl. 222, 230-31 (2017) (concluding that the Court of Federal Claims lacked jurisdiction over plaintiff's allegations that the BFS improperly offset the taxpayer's tax refunds to satisfy his debt to the EDD).

## IV. APPLICATION TO PROCEED IN FORMA PAUPERIS

Finally, the court turns to Mr. Bible's application to proceed in forma pauperis. To proceed with a civil action in this court, a plaintiff must either pay $400 in fees—a $350 filing fee plus a $50 administrative fee—or, like Mr. Bible, request authorization to proceed without payment of fees by submitting a signed application to proceed in forma pauperis.[4] See 28 U.S.C.

---

[3] Congress assigned this responsibility to the Secretary of the United States Department of the Treasury or the Secretary's delegate, I.R.C. § 6402(a); see also id. § 7701(A) (explaining that "Secretary" means the "Secretary of the Treasury or his delegate"), who in turn delegated the execution of the offset program to the BFS, see note 2, supra.

[4] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, 28 U.S.C. § 451, the court has jurisdiction to adjudicate applications to proceed in forma pauperis. See 28 U.S.C.

§§ 1915, 1926; RCFC 77(c); see also Waltner v. United States, 93 Fed. Cl. 139, 141 n.2 (2010) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that (1) lists all of their assets, (2) declares that they are unable to pay the fees, and (3) states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Evaluation of a plaintiff's ability to pay is "left to the discretion of the presiding judge, based on the information submitted by the plaintiff." Alston-Bullock v. United States, 122 Fed. Cl. 38, 45 (2015).

Mr. Bible has fulfilled all three requirements of 28 U.S.C. § 1915(a)(1), and the court is satisfied that he is unable to pay the filing fee otherwise required by RCFC 77.1(c). Therefore, the court grants Mr. Bible's application and waives his filing fee.

## V. CONCLUSION

Regardless of whether the EDD properly calculated his unemployment benefits, the Court of Federal Claims plainly lacks jurisdiction to entertain his claims. Accordingly, the court **GRANTS** defendant's motion to dismiss Mr. Bible's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). In addition, the court **GRANTS** Mr. Bible's application to proceed in forma pauperis. Mr. Bible's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. No costs. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Chief Judge

---

§ 2503(d) (deeming the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915).